U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2010 FEB -2 P 1:18
JON W. SANFILIPPO
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 10-CR- 10-CR-012
[18 U.S.C §§ 1343, 1349, and 2]

TRAVIS LUEDKE and
MICHAEL RAMER,

    Defendants.

# INDICTMENT

**THE GRAND JURY CHARGES:**

## COUNT ONE

1. Beginning by April 2004 and continuing until December 2005, in the State and Eastern District of Wisconsin, and elsewhere,

**TRAVIS LUEDKE and
MICHAEL RAMER**

knowingly conspired with each other and with others known and unknown to the grand jury, to devise and execute a scheme to obtain money by means of material false and fraudulent pretenses and representations, and knowingly caused wire communications to be transmitted in interstate commerce for the purpose of executing the scheme. The fraudulent scheme is described below.

## Background

2. At all times relevant to this indictment, Travis Luedke was the registered agent and sole manager member of Exchange Growth League ("EGL"), a limited liability company organized in the State of Washington on April 1, 2004.

3. On April 6, 2004, Luedke opened an EGL business account at Bank of America in the State of Washington. At all times material to this indictment, Luedke was the sole signatory on that account.

4. At all times relevant to this indictment, Travis Luedke, Michael Ramer, M.L., and Ramer's wife were the sole managers and members of Western Corporate Management Group ("WCM"), a limited liability company organized in the State of Nevada on October 7, 2004.

5. On October 15, 2004, Ramer's wife opened a WCM business account at Bank of America in the State of Washington. At all times material to this indictment, Ramer's wife was the sole signatory on that account.

6. At all times relevant to this indictment, E.B. was Treasurer of Corporate Capital Funding ("CCF"), a corporation organized in the State of Nevada.

7. On February 13, 2004, E.B. opened a CCF business account at Wells Fargo Bank in the State of Nevada. At all times material to this indictment, E.B. was the sole signatory on that account.

## The Scheme

8. Beginning in approximately April 2004, Luedke and Ramer solicited a number of individuals to invest through EGL in what Luedke and Ramer characterized as high-return, low-risk investments through EGL and WCM. Luedke and Ramer told investors that their funds would be invested in a variety of investment vehicles, including foreign currency markets, a Mexican gold mine, and real estate. Luedke and Ramer also told investors that, within a specified time after making an initial investment, the investors would receive returns on their investments in the form of monthly payments of between $10,000 and $25,000.

9. Luedke and Ramer prepared contracts for the investors that explained the terms of the investments. Luedke and Ramer also directed the investors to wire funds to the EGL and WCM bank accounts.

10. Rather than invest the funds as they had represented that they would, Luedke, Ramer, and their associates used the victims' funds for their own personal purposes.

11. Between approximately June 2004 and February 2005, Luedke and Ramer, by their false representations that they would invest the victims' money, fraudulently induced victims to wire $677,500 to the EGL account, and $400,000 to the WCM account.

12. Among those wire transfers was one from M.H. On February 8, 2005, at Luedke's direction, M.H. wired $160,000 from a TCF bank in Milwaukee, Wisconsin, into Luedke's EGL account in the State of Washington.

13. Of the $677,500 wired to the EGL account, Luedke took $28,500 out in cash, and wired the balance to the WCM and CCF accounts.

3

Case 2:10-cr-00012-LA   Filed 02/02/10   Page 3 of 7   Document 1

14. Luedke, Ramer, and their associates then withdrew the funds from the WCM and CCF accounts in cash, or otherwise used the funds for their own personal purposes.

15. In furtherance of the conspiracy, between approximately June 2004 and December 2005, Luedke, Ramer, and their associates withdrew approximately $862,738.17 of investor money from the EGL, WCM, and CCF accounts. Luedke, Ramer, and their associates spent the balance of the investor funds on personal expenses through checks and debit transactions.

16. The EGL and WCM investors were never paid returns on their initial investments.

All in violation of Title 18, United States Code, Sections 1343 and 1349.

4

THE GRAND JURY FURTHER CHARGES:

## COUNT TWO

17.     On or about February 8, 2005, in the State and Eastern District of Wisconsin and elsewhere,

**TRAVIS LUEDKE,**

for the purpose of carrying out the scheme set forth in paragraphs 8 through 16 above – which scheme Luedke devised knowingly and with the intent to defraud – caused to be transmitted in interstate commerce a wire communication from TCF Bank in Milwaukee, Wisconsin, to Bank of America in the State of Washington, where Luedke maintained a business account in the name Exchange Growth League ("EGL").

18.     The wire communication transferred $160,000 from M.H.'s account at TCF Bank to the EGL account maintained by Luedke at Bank of America.

All in violation of Title 18, United States Code, Sections 1343 and 2.

5

## Forfeiture Notice

19. Upon conviction of the offense in violation of Title 18, United States Code, Sections 1343 and 1349, set forth in Count One of this indictment, the defendants, Travis Luedke and Michael Ramer, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense or offenses. The property to be forfeited includes a sum of money equal to the proceeds derived from the offense.

20. Upon conviction of the offense in violation of Title 18, United States Code, Sections 1343 and 2, set forth in Count Two of this indictment, the defendant, Travis Luedke, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense or offenses. The property to be forfeited includes, but is not limited to a sum of money equal to the proceeds derived from the offense.

6

Case 2:10-cr-00012-LA   Filed 02/02/10   Page 6 of 7   Document 1

21. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

Dated: Feb 2, 2010

_____
JAMES L. SANTELLE
United States Attorney

7